**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| Michael Thompson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> R.J. Reynolds Tobacco Co. and ) <br> Schnuck Markets, Inc., ) <br> ) <br> Defendants. ) <br> ) | Case No. 4:20-cv-980 MTS |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff Michael Thompson's Motion to Remand (ECF No. 26), Defendant Schnuck Markets, Inc.'s Motion to Dismiss Count VI (ECF No. 9), and Defendant R.J. Reynolds Tobacco Company's Motion to Dismiss and for a More Definite Statement (ECF No. 17). Having considered the parties' arguments, the Court finds it lacks subject matter jurisdiction and therefore will grant Plaintiff's Motion to Remand this case back to the Circuit Court of St. Louis County. All other pending motions will be denied as moot.

**Background**

Plaintiff filed suit against R.J. Reynolds Tobacco Company ("R.J. Reynolds") and Schnuck Markets, Inc. ("Schnucks") in the St. Louis County Circuit Court alleging that cigarettes he smoked, which R.J. Reynolds manufactured and Schnucks sold to him, caused him to develop Chronic Obstructive Pulmonary Disease (COPD). (ECF No. 1, Ex. A ¶¶ 2–7, 74, 83, 92). Plaintiff asserts five claims against R.J. Reynolds: (i) strict liability—design defect; (ii) strict liability—failure to warn; (iii) negligent design; (iv) fraudulent concealment; and (v) concealment fraud conspiracy. (*Id.* at ¶¶ 85–128). Plaintiff asserts a single claim for strict liability (Count VI) against Schnucks for "plac[ing] into the stream of commerce for sale, including those that [Plaintiff]

1

purchased and smoked, [cigarettes that] were in an unreasonably dangerous defective condition when put to a reasonably anticipated use." (*Id.* at ¶ 132).

Defendants timely removed the case to this Court under 28 U.S.C. § 1441 asserting that this Court has original subject matter jurisdiction under 28 U.S.C. § 1332. Section 1332 would provide jurisdiction in this case only if the amount in controversy exceeds $75,000, exclusive of interest and costs, and proper diversity of citizenship exists. While the amount in controversy is met,[1] since both Plaintiff and Defendant Schnucks are citizens of Missouri, this case lacks complete diversity.[2] (ECF No. 1, Ex. A ¶¶ 1, 8). Defendants maintain that Plaintiff has fraudulently joined Schnucks in this action because Missouri's "innocent seller" statute[3] entitles Schnucks to dismissal. Therefore, they argue, the Court should disregard Schnucks's citizenship.[4] (ECF No. 1, ¶ 25). Plaintiff moved to remand claiming he sufficiently pleaded the elements of a strict liability claim against Schnucks and that the innocent seller statute's applicability, as an affirmative defense, requires proof by evidence, preventing it from being decided on the pleadings. (ECF No. 26).

## Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). A federal court has original jurisdiction under 28 U.S.C. § 1332 over civil actions where there is complete diversity—that is, "where no defendant holds citizenship in the same state where any

---

[1] Defendants point out that Plaintiff alleges that his damages exceed $25,000 *for each* of the six claims and that he also seeks punitive damages. (ECF No. 1, ¶ 17). Plaintiff does not contest the removal on the basis of the amount in controversy. (*See generally* ECF No. 26).
[2] R.J. Reynolds is a citizen of the state of North Carolina. (ECF No. 1, Ex. A ¶ 2). Without Schnucks as a party, this case would have complete diversity of citizenship. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).
[3] Mo. Rev. Stat. § 537.762 (2020). This name does not appear in the statute, and though it may be imprecise, it has been used to refer to the statute. *See, e.g.*, *Malone v. Schapun, Inc.*, 965 S.W.2d 177, 181 (Mo. Ct. App. E.D. 1997).
[4] Alternatively, Defendants maintain that even if not fraudulently joined, Schnucks is a dispensable party and that the Court should sever Plaintiff's claim against Schnucks under Rule 21. (ECF No. 1, ¶ 44).

plaintiff holds citizenship." *Id.* An "exception to this rule" exists that allows district courts to "retain jurisdiction where the nondiverse defendant has been fraudulently joined." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Prempro*, 591 F.3d at 620. Where "state precedent precludes the existence of a cause of action against a defendant" or "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant," joinder is also fraudulent. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). Put yet another way, "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* However semantically put, "a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." *Id.*

A removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Prempro*, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* "When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud." *Hutchen v. Wal-Mart Stores E. I, LP*, 555 F. Supp. 2d 1013, 1017 (E.D. Mo. 2008).

## Discussion

Missouri law imparts liability under the doctrine of strict products liability on a seller in the stream of commerce. *Malone v. Schapun, Inc.*, 965 S.W.2d 177, 182 (Mo. Ct. App. E.D. 1997); *see also* Mo. Rev. Stat. § 537.762 (2020) ("A defendant whose *liability* is based solely on his status as a seller in the stream of commerce . . . .") (emphasis added). Missouri, however, has protected sellers, both procedurally and substantively, "from the perils of products liability claims." *Gramex*

3

*Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 446 (Mo. banc 2002). Section 537.762 allows a defendant in any products liability claim "whose liability is based solely on his status as a seller in the stream of commerce" to receive an "interlocutory" order of dismissal "if another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim."

Defendants argue that since Plaintiff's products liability claim against Schnucks is based solely on its status as a seller, Schnucks is entitled to a dismissal because R.J. Reynolds is also a party to the case. Since Schnucks is entitled to dismissal, Defendants argue, Plaintiff has no reasonable basis to maintain a claim against Schnucks, which would make its joinder fraudulent. The parties disagree on various aspects of section 537.762's applicability, including, for instance, whether as an affirmative defense it can be the basis of a fraudulent joinder determination at the pleading stage, whether the seller functionally remains a party because of the "interlocutory" nature of the dismissal, and the effects, if any, of a 2019 amendment to the statute. The Court need not address these issues because Defendants failed to prove fraudulent joinder since they have not demonstrated that the "threshold requirements" of section 537.762 have been met.[5] *See Malone*, 965 S.W.2d at 181.

---

[5] While the Court has no choice but to remand given Defendants' failure to demonstrate fraudulent joinder, the Court is inclined to agree with Plaintiff that the Eighth Circuit's guidance is applicable here that "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Filla*, 336 F.3d at 811 (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

That said, federal courts will "ascertain and apply state law no matter how onerous the task" if proper to do so. *Filla*, 336 F.3d at 811. A federal court possibly could still do so yet on these very claims. As Plaintiff points out, if the state court dismisses Schnucks from the case, R.J. Reynolds "may try to remove again." (ECF No. 26, p.15) (citing *Mahler v. Biomet, Inc.*, No. 3:16-cv-29 RLM-MGG, 2017 WL 3262531, at *3 (N.D. Ind. July 31, 2017) ("Should the state court dismiss the claim against [the alleged seller], the [manufacturer] entities would be free to remove the case again.")); *see also* 28 U.S.C. § 1446(b)(3).

"An innocent seller under section 537.762 should not be dismissed unless the injured party is ensured that another defendant, who is not an innocent seller, is properly before the court and can satisfy the injured party's claim." *Id.* at 182. If it is "unclear that a total recovery can be had against the parties remaining in suit, it is error to apply the innocent seller statute." *Davis v. Dunham's Athleisure Corp.*, 362 F. Supp. 3d 651, 659 (E.D. Mo. 2019). Despite having the burden to do so, *Prempro*, 591 F.3d at 620, Defendants offered no evidence whatsoever that "total recovery" could be had from Defendant R.J. Reynolds. Rather, in their Notice of Removal, Defendants stated "there does not appear to be any dispute that Plaintiff would be able to obtain full recovery from Reynolds." (ECF No. 1, ¶ 36).

In his Motion to Remand, Plaintiff noted Defendants' failure to offer any evidence on the point. (ECF No. 26, p.9). Nonetheless, in their Response, Defendants offered no evidence and instead asserted that their averments in their Notice of Removal were "themselves sufficient" to establish the point. (ECF No. 29, p.6). They provided no Missouri state court decision to support their position that self-serving statements regarding a defendant's own ability to pay a claim—without even indicating the possible amount of the claim—would be enough.

Missouri case law demonstrates the "total recovery" requirement is not a trifling one that is easily waved away. In *Gramex Corp.*, 89 S.W.3d at 445, the Missouri Supreme Court described section 537.762 as "grant[ing] the right to an interlocutory order of dismissal so long as the downstream seller *can prove* that 'another defendant, including the manufacturer,' is in the lawsuit from whom plaintiff can obtain '*total recovery*.'" (emphasis added). A defendant's ability to satisfy a verdict must be established through specific evidence like defendant's insurance policies or "evidence of other assets." *Id.* at 446. The court concluded that the defendant in *Gramex* "d[id]

5

not establish that the defendants upstream from [it] could have satisfied a verdict" that the plaintiff might reasonably have obtained from the jury. *Id.* at 445–46. Nor did Defendants here.

Though asserting their previous unsupported averments were enough, Defendants added in a footnote to their Response that the Court may "take judicial notice of publicly available information regarding Reynolds' financial status," and they directed the Court to statements on R.J. Reynolds's website. (ECF No. 29, p.6). They do not indicate under which provision of Federal Rule of Evidence 201(b) the statements and R.J. Reynolds's financial information fall—i.e., whether it is "generally known" in this district or whether it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

While the Court perhaps could take judicial notice of the existence of a company's website, statements on a website cannot be judicially noticed for the truth of the matter asserted. *See, e.g.*, *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) ("[T]o the extent the court *can* take judicial notice of press releases and news articles, it can do so only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal. 2008) (refusing to take judicial notice of a study from an internet site on identity theft and a list of data breach incidents from another site), *aff'd*, 380 F. App'x 689 (9th Cir. 2010); s*ee also Ademiluyi v. PennyMac Mortg. Inv. Tr. Holdings I, LLC*, 929 F. Supp. 2d 502, 513 (D. Md. 2013) (taking judicial notice of the fact that defendant applied for and received a mortgage lender license but not "of the representations made in the application"); *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (taking judicial notice of an SEC filing "but not for the truth of what it asserts").

Defendants had the burden to prove the alleged fraudulent joinder and to establish federal jurisdiction. Defendants have not proved fraudulent joinder because they have not shown that R.J.

Reynolds is a defendant "from whom total recovery may be had for plaintiff's claim" under section 537.762.2. S*ee Miravalle v. One World Techs., Inc.*, No. 4:18-cv-304 JMB, 2018 WL 3643722, at *2 (E.D. Mo. Aug. 1, 2018) (denying motion to dismiss based on section 537.762 noting seller-defendant failed to "offer any evidence to establish" that manufacturer was "financially able to fully compensate [plaintiff] for his claims"). Because Defendants have not established that section 537.762 even applies in this case, they cannot demonstrate that "there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla*, 336 F.3d at 810. As such, Schnucks currently is a proper, nondiverse party to this suit and deprives the Court of subject matter jurisdiction. *See* 28 U.S.C. § 1332.

Alternatively, Defendants ask the Court to sever Plaintiff's claim against Schnucks pursuant to Rule 19 and Rule 21 since Schnucks, Defendants argue, is "a dispensable party whose sole purpose in the case is to destroy diversity jurisdiction." (Doc. 1 at ¶ 38). "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989)). Since Rule 21 does not extend the jurisdiction of district courts, see Fed. R. Civ. P. 82, a court's use of Rule 21 "presumes that the court has subject matter jurisdiction over the claims," which, here, it does not. *See In re: Bard Ivc Filters Prod. Liab. Litig.*, No. 2641, 2016 WL 2347430, at *8 (D. Ariz. May 4, 2016).

The Court, finding it has no subject matter jurisdiction, remands this case. 28 U.S.C. § 1447(d) (providing that district courts "shall" remand a case removed from state court if at any time before final judgment "it appears the district court lacks subject matter jurisdiction"); *see also Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) ("Because [defendant]

7

was not shown to be fraudulently joined, her presence in the action divests the district court of diversity jurisdiction and the district court must remand the case to state court.").

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 26) is **GRANTED**, and this action is **REMANDED** to the Circuit Court of St. Louis County. **An Order of Remand will be issued to accompany this Order**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

Dated this 18th day of September, 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE